# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2014 JAN -7 AM 10: 53
DEPUTY CLERK

No. 13-10812

In re: JUAN ANTHONY REYES, JR.,

Movant

Motion for an order authorizing
the United States District Court for the Northern
District of Texas to consider
a successive 28 U.S.C. § 2255 motion

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:

Juan Anthony Reyes, Jr., federal prisoner # 31910-177, requests authorization to file a successive 28 U.S.C. § 2255 motion, challenging his conviction for distribution of methamphetamine and aiding and abetting and his 235-month term of imprisonment. Reyes seeks to raise the following claims in a successive § 2255 motion: (1) his trial counsel was ineffective in failing to argue that he had only one qualifying offense for purposes of a career offender enhancement under the Sentencing Guidelines, (2) his appellate counsel was ineffective in failing to challenge the career offender enhancement on appeal, (3) his appellate counsel abandoned him on appeal, and (4) his counsel rendered ineffective assistance in his § 2255 proceeding in failing to challenge the career offender enhancement and in failing to raise a claim of ineffective assistance of appellate counsel.

RECEIVED
JAN - 7 2014
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

This court may authorize the filing of a second or successive § 2255 motion only if the movant makes a prima facie showing that his claims rely on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); see 28 U.S.C. § 2244(b)(3)(C). Reyes argues that he should be granted authorization to file a successive § 2255 motion based on the Supreme Court decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013); *Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); and *Maples v. Thomas*, 132 S. Ct. 912 (2012).

In *Martinez*, 132 S. Ct. at 1320, the Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." "*Martinez* does not provide a basis for authorization under § 2244(b)(2)(A), as the Court's decision was an 'equitable ruling' that did not establish 'a new rule of constitutional law.'" *Adams v. Thaler*, 679 F.3d 312, 323 n.6 (5th Cir. 2012) (quoting *Martinez*, 132 S. Ct. at 1319).

*Descamps* determined that a court cannot employ a modified categorical approach in interpreting a statute that contains "a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense." 133 S. Ct. at 2283. The Court relied on its existing case law and gave no indication that it was announcing a new rule of constitutional law that was to be applied retroactively. *See id.* at 2282-89.

2

In *Alleyne*, the Court relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in determining that the defendant had a Sixth Amendment right to have a jury determine whether he had "brandished" a firearm during an offense, a factfinding that raised his minimum mandatory sentence from five to seven years. 133 S. Ct. at 2163. *Apprendi* has not been made retroactively applicable on collateral review. *See Foster v. Quarterman*, 466 F.3d 359, 369-70 (5th Cir. 2006). Reyes has not shown that *Alleyne* announced a new rule of constitutional law or that the Supreme Court made its holding retroactively applicable on collateral review. *See In re Kemper*, ___ F.3d ___, No. 13-50695, 2013 WL 5969009, *1 (5th Cir. Sept. 6, 2013). Moreover, Reyes has not shown that *Alleyne* is relevant to his assertion of error because he cannot show that the enhancement under the Sentencing Guidelines increased the "legally prescribed punishment." *Alleyne*, 133 S. Ct. at 2162.

Even if *Maples* set forth a retroactively applicable new rule of constitutional law, a showing that Reyes has not made, Reyes has not demonstrated that *Maples* is applicable to any of his proposed claims. *See* § 2255(h). Thus, Reyes has failed to make the required prima facie showing. *See id.*

To the extent that Reyes asserts a freestanding claim of actual innocence, the claim is not cognizable in a § 2255 motion. *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). To the extent that there is an actual innocence exception to the requirements of § 2255(h) and § 2244(b)(3), Reyes's argument concerning his career offender enhancement does not show that he is factually innocent of his offense of conviction. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933-34 (2013); *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995).

IT IS ORDERED that Reyes's motion for authorization to file a successive § 2255 motion is DENIED.

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE  
NEW ORLEANS, LA 70130

December 10, 2013

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 13-10812    In re: Juan Reyes, Jr.  
                     USDC No. 5:13-CV-173

Enclosed is an order entered in this case.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____  
                        Claudia N. Farrington, Deputy Clerk  
                        504-310-7706

Ms. Karen S. Mitchell  
Mr. Juan Anthony Reyes Jr.

RECEIVED  
JAN - 7 2014  
CLERK, U.S. DISTRICT COURT  
NORTHERN DISTRICT OF TEXAS